UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON MICHAEL TAYLOR,

Plaintiff,

v.  CAUSE NO.: 3:18-CV-841-JD-MGG

ST JOSEPH COUNTY JAIL,
NURSING SUPERVISOR,

Defendants.

OPINION AND ORDER

Brandon Michael Taylor, a prisoner without a lawyer, filed a complaint against the St. Joseph County Jail and the jail's Nursing Supervisor alleging that his rights under the Health Information Privacy and Portability Act (HIPPA) have been violated. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Taylor recounts that on September 16, 2018, he filled out a medical request form at the St. Joseph County Jail. In it he stated, "When I was 13, I had a positive T.B. test, I took the medication prescribed for 9 months. I haven't had any problems since, but I think I am coughing up blood in small amounts." ECF 3 at 2. Approximately 32 hours later, "4 guards wearing masks and gloves" approached Taylor in his cell and repeated what Taylor had included on his medical request form. Taylor believes that the Nursing Supervisor informed the guards of what Taylor wrote on the medical request form. On this basis he alleges his rights under HIPPA have been violated and he sues the Nursing Supervisor and the jail for one million dollars.

To start, Taylor's complaint does not state a claim against the Nursing Supervisor. As a threshold matter, his HIPPA claim is not cognizable because that statute does not furnish a private right of action. *Carpenter v. Phillips*, 419 Fed. Appx. 658, 659 (7th Cir. 2011); *Haywood v. Novartis Pharmaceuticals Corp.*, 298 F.Supp.2d (N.D. Ind. 2018); *McDaniel v. Dart*, Case No. 12 C 7416, 2012 WL 4581678 (N.D. Ill. Oct. 1, 2012). "Although [HIPPA] provides both civil and criminal penalties for improper disclosures of protected information, it limits enforcement of the statute to the Secretary of Health and Human Services." *Walker v. Saylor*, Case NO. 18-cv-442, 2018 WL 3998034 (W.D. Wisc. Aug. 21, 2018) (citation omitted).

The court realizes that prisoners have a limited right of privacy in their medical information under the due process clause of the constitution. *Franklin v. McCaughtry*, 110 Fed. Appx. 715 (7th Cir. 2004). But, "a prisoner does not enjoy a right of privacy in his medical information to the same extent as a free citizen." *Doe v. Delie*, 257 F.3d 309,

317 (3d Cir. 2001). Thus, typically only "the gratuitous or unjustified disclosure of an inmate's sensitive or embarrassing medical information to non-medical staff" may violate the constitution." *Walker*, 2018 WL 3998034 at *2. Here, there are no plausible allegations in the complaint to suggest that the Nursing Supervisor's dissemination of Taylor's health information to guards was either unjustified or that the shared information was embarrassing. *See e.g. Doe*, 257 F.3d at 317 (noting that the right to privacy was strong with respect to HIV status); *see also Powell v. Schriver*, 175 F.3d 107 (2d Cir. 1999) (right of privacy exists in transsexualism). To the contrary, it appears the guards were told of Taylor's medical information so that they could safely handle and transport him in the prison. *See Delie*, 257 F.3d at 317 ("We do not suggest that Doe has a right to conceal this diagnosed medical condition from everyone in the corrections system). Thus, the complaint does not state a claim against the Nursing Supervisor.

Next, Taylor does not state a claim against the St. Joseph County Jail either. Though the jail is where these events occurred, it is a building, not a person or even a policy making unit of government that can be sued pursuant to Title 42 U.S.C. 1983.

As pled, it does not seem plausible that the Nursing Supervisor violated Taylor's constitutional rights by informing the jail guards about his medical condition. Nevertheless, in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), Taylor will be given leave to file an amended complaint.

For these reasons, the court:

(1) GRANTS Brandon Michael Taylor until January 14, 2019, to file an amended complaint; and

(2) CAUTIONS Brandon Michael Taylor that, if he does not respond by that deadline, this case may be dismissed without further notice.

SO ORDERED on December 11, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT